IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 10-0600-WS-C |
| ) | |
| MOBILE COUNTY HEALTH ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the plaintiff's appeal of the Magistrate Judge's order finding spoliation of evidence and imposing sanctions therefor. (Doc. 45). The defendant has filed a response, (Doc. 48), and the appeal is ripe for resolution.

The Magistrate Judge found that the plaintiff purposefully destroyed her personal computer during the pendency of this litigation and that this destruction amounted to spoliation of evidence under applicable legal tests. (Doc. 41). The plaintiff makes no challenge to the Magistrate Judge's legal conclusions. His only factual challenge is that the Magistrate Judge's "finding that potentially discoverable information existed on her personal computer" is clearly erroneous. (Doc. 45 at 2).

A Magistrate Judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a); Local Rule 72.3(e). "The 'clearly erroneous or contrary to law' standard of review is extremely deferential. ... Relief is appropriate under the 'clearly erroneous' prong of the test only if the district court finds that the Magistrate Judge abused [her] discretion or, if after reviewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made. ... With respect to the 'contrary to law' variant of the test, an order is

[1]

contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Pigott v. Sanibel Development, LLC*, 2008 WL 2937804 at *5 (S.D. Ala. 2008) (citations and internal quotes omitted).

The Magistrate Judge's order identifies abundant evidence that the plaintiff's personal computer harbored information, not otherwise provided the defendant, that is potentially discoverable in this employment discrimination action. This includes the plaintiff's admission in deposition that she forwarded racially insensitive materials from her work computer to her home computer and that she had e-mails on her home computer reflecting her complaints of race discrimination which she had not provided the defendant. (Doc. 41 at 7 n.5). This includes also her admission that she made entries almost every day in a work narrative she maintained on her personal computer, yet the printed narratives she supplied the defendant had gaps of a month or more. (*Id*. at 16-17 & 17 n.11). It also includes the very act of destroying the computer – by burning it in her yard – during the pendency of a lawsuit in which she had been explicitly warned of her duty to preserve electronically stored information. The plaintiff's suggestion that she destroyed the computer merely to keep tax information from third parties after it crashed is facially implausible, leaving only the destruction of discoverable information as a likely motive. (*Id*. at 17-18, 27).

The plaintiff understandably ignores this mountain of evidence. Instead, she focuses exclusively on what she says was the defendant's disinterest in the contents of her home computer (other than to seek information about her attempts to secure other employment) until after learning of the computer's destruction. (Doc. 45 at 2-3). "Plaintiff submits that this fact clearly demonstrates that the information on the computer held little or no value to the Defendant with respect to Plaintiff's diary entries, e-mails or evidence of racial bias." (*Id*. at 3).

The plaintiff's argument poses a non sequitur: because the defendant did not seek this electronically stored information, it must not exist.[1] At any rate, as both the Magistrate Judge's order and the defendant's appellate brief plainly reflect, the defendant explicitly and repeatedly sought precisely the electronically stored information the Magistrate Judge found to exist, and did so well before it learned of the computer's destruction.

To the extent the plaintiff is attempting to recast her argument as one that any potentially discoverable information on the computer was not "important" and thus not a proper basis for a determination of spoliation, (Doc. 45 at 2), it fails for the same reason: the record clearly reflects that the destroyed information was, and was always considered by the defendant to be, important to the case.

The Magistrate Judge's finding that important, potentially discoverable information existed on the plaintiff's personal computer is not clearly erroneous. For the reasons set forth above, the Magistrate Judge's order is **affirmed**.

DONE and ORDERED this 23rd day of February, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] One might as well insist that Hispaniola does not exist because Columbus was not looking for it but for the Indies.