IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 10-0600-WS-C |
| ) | |
| MOBILE COUNTY HEALTH ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the defendant's motion to amend final judgment. (Doc. 57). The Magistrate Judge found that the plaintiff spoliated evidence, (Doc. 41), and the Court affirmed. (Doc. 51). The Magistrate Judge awarded attorney's fees in the amount of $8,155 as a sanction for the spoliation, (Doc. 49), which award the plaintiff did not appeal. Instead, the plaintiff filed a motion to dismiss her lawsuit with prejudice, on the grounds that she "is unable to pay the sanctions necessary for her to proceed with this case." (Doc. 53).

The plaintiff's motion fell within Rule 41(a)(2), which provides for dismissal on the plaintiff's request "on terms that the court considers proper." The defendant sought as terms: (1) entry of final judgment reflecting dismissal with prejudice; (2) taxation of costs; and (3) inclusion of the fee award in the judgment. (Doc. 54). The Court accepted as terms the entry of final judgment and the award of costs but declined to enter judgment awarding the defendant $8,155 in affirmative relief. (Doc. 55). By the instant motion, which invokes Rule 59(e), the defendant seeks amendment of the final judgment to include such affirmative relief. The grant or denial of such a motion is left to the discretion of the trial court. *Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc).

[1]

The defendant did not support its request for inclusion of the fee award in the final judgment with argument or authority but simply made the request.  (Doc. 54).  In particular, the defendant did not address Rule 41(a)(2) or explain why the discretion it affords the Court[1] should be exercised in favor of including such a provision as a term of granting the plaintiff's motion.  That silence alone was sufficient to support the Court's decision not to include in the judgment an affirmative award of relief to the defendant.  While the defendant now offers an explanation for its request, it comes too late. [2]

Nor would the defendant's explanation have made a difference had it been timely raised.  The defendant argues that it requires the fee award to be reduced to a judgment in order to streamline its enforcement of the award, but this begs the question whether the Court should condition dismissal of the action on the inclusion in the judgment of an affirmative grant of relief to the defendant.  As noted, the plaintiff offered to dismiss her action with prejudice, and the defendant likewise insisted that the dismissal be with prejudice.  Appellate courts have repeatedly rejected the imposition of attorney's fees on plaintiffs who voluntarily dismiss with prejudice absent *at least* "extraordinary circumstances."[3]  The mere existence of a fee award as a sanction does not approach this stringent standard.

---

[1] *E.g., Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001) ("In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.") (internal quotes omitted).

[2] *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) … may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (internal quotes omitted); *accord Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  Instead, "[t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."  *Id*. (internal quotes omitted).  Motions to reconsider "do not, in short, serve to relieve a party of the consequences of its original, limited presentation."  *Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1379 n.3 (S.D. Ala. 2009) (internal quotes omitted).

[3] *Compare Vanguard Environmental, Inc. v. Kerin*, 528 F.3d 756, 760 (10th Cir. 2008) ("A defendant may not recover attorneys' fees when a plaintiff voluntarily dismisses an action (Continued)

On the contrary, it appears that providing the defendant its requested relief would affirmatively improve its position over that created by the Magistrate Judge's order. The Magistrate Judge ordered the plaintiff to pay the defendant the awarded attorney's fees by a date certain or face his recommendation to the Court that the action be dismissed for failure to prosecute and failure to obey lawful orders, and he expressly refused the defendant's request[4] to impose both dismissal and a fee award as cumulative sanctions. (Doc. 41 at 29-31). That is, the plaintiff was given a choice of paying the award *or* having her action dismissed, and the plaintiff elected the latter alternative. The defendant, however, seeks to force on the plaintiff *both* alternatives, even though the Magistrate Judge rejected precisely this result. Nothing brought to the Court's attention supports the proposition that the defendant should be awarded such a windfall.

Even absent this incongruity, the Court would not exercise its discretion in favor of including in the judgment an affirmative award to the defendant. Had the plaintiff not agreed to a voluntary dismissal, the defendant would have incurred much more than $8,155 in attorney's fees just in the course of preparing and defending a motion for summary judgment, let alone the cost of preparing for and attending trial had such a motion been unsuccessful. Given the American rule and the high bar of *Christianburg Garment*, the Court cannot assume that the plaintiff would have been required to pay the defendant's attorney's fees at the conclusion of this litigation (and the defendant does not suggest she would have been). Thus, the plaintiff's voluntary dismissal has saved the

---

with prejudice, however, absent 'exceptional circumstances.'") *with Colombrito v. Kelly*, 764 F.2d 122, 133-35 (2nd Cir. 1985) (finding even an "exceptional circumstances" standard too low, but leaving open the possibility of some higher standard) *and Cauley v. Wilson*, 754 F.2d 769, 771 (7th Cir. 1985) (indicating that an award of fees would never be appropriate after a dismissal with prejudice "because the defendant cannot be made to defend again") (internal quotes omitted).

[4] (Doc. 36 at 1).

defendant a large sum of unreimbursable attorney's fees in this litigation, and her dismissal with prejudice guarantees the defendant will not have to incur fees in some future litigation.  Even without a judgment of $8,155, the defendant comes out well ahead.

For the reasons set forth above, the defendant's motion to amend final judgment is **denied**.

DONE and ORDERED this 8th day of March, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE