IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA EVANS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 10-0600-WS-C |
| | ) |
| MOBILE COUNTY HEALTH DEPARTMENT, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on the defendant's motion to re-tax costs. (Doc. 59). The plaintiff has filed an opposition, (Doc. 63), and the motion is ripe for resolution.

The single item as to which the defendant seeks taxation is the cost of the plaintiff's deposition. Court reporter fees for "stenographic transcripts" that were "necessarily obtained for use in the case" are properly taxable. 28 U.S.C. § 1920(2). "It is not necessary to use a deposition at trial for it to be taxable, but admission into evidence or use during cross-examination tends to show that it was necessarily obtained." *United States Equal Employment Opportunity Commission v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). "A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions." *Id*. (internal quotes omitted). "Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [prevailing party] might need the deposition transcripts to cross-examine the witnesses, ... and that the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery." *Id*. (internal quotes omitted).

The plaintiff objects that her deposition was not used at trial or in support of a motion for summary judgment.  True enough, but it was used in support of the defendant's motion to dismiss, which successfully sought sanctions for the plaintiff's intentional destruction of relevant evidence.  Moreover, as the complaining party and thus a critical witness, the plaintiff's deposition is as appropriately taxed as that of persons on the plaintiff's witness list.

The plaintiff notes that she voluntarily dismissed her case since she could not pay the defendant's attorney's fees imposed as a sanction and that she is similarly unable to pay costs.  As a threshold matter, the Court has already entered judgment awarding costs, and the plaintiff has not attempted to fit within the narrow window for amending such a judgment.  At any rate, while "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)," the Court "should require substantial documentation of a true inability to pay."  *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc).  The plaintiff has provided no such documentation.

For the reasons set forth above, the defendant's motion to re-tax costs is **granted**. The plaintiff is taxed costs in the amount of $1,586.40.

DONE and ORDERED this 14th day of March, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE